UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-02613-RGK-KK | Date | April 21, 2021 |
|---|---|---|---|
| Title | *MARIA SAZUETA v. GRAND HOME HOLDINGS INC., et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:  Attorneys Present for Defendant:

Not Present  Not Present

**Proceedings:**   (IN CHAMBERS) Order Remanding Action to State Court

## I.   INTRODUCTION

On October 23, 2020, Maria Sazueta ("Plaintiff") filed a Complaint against Grand Home Holdings, LLC. ("Defendant") alleging state claims arising from alleged disability discrimination, retaliation and wrongful termination.

On December 18, 2020, Defendant removed the action to this Court on the ground of diversity jurisdiction. Upon review of the Notice of Removal, the Court determines that Defendant has failed to plausibly allege that the minimum amount in controversy is satisfied, and therefore remands the action to the state court from which it was removed.

## II.   DISCUSSION

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). Whether or not the plaintiff challenges these allegations, a court may still insist that the jurisdictional requirement has been established by a preponderance of the evidence. *Guas v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

Plaintiff was allegedly terminated on September 23, 2020. In its Notice of Removal, Defendant asserts that, based on Plaintiff's hourly wage and history of overtime, Plaintiff earned approximately $32,494.71 per year. Defendant then states that if the case resolves in September 2022, back pay, alone,

UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-02613-RGK-KK | Date | April 21, 2021 |
|---|---|---|---|
| Title | *MARIA SAZUETA v. GRAND HOME HOLDINGS INC., et al* | | |

would total $68,989.42. Therefore, taking into account other recovery she would be entitled to, the amount in controversy requirement has been met.

Upon review of Defendant's arguments, the Court finds that with $32,494.71 as the starting point, Defendant's calculations arrive at the jurisdictional minimum only if it applies overly speculative assumptions regarding the length of litigation, possible front pay, and punitive damages. Moreover, district courts within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount in controversy, and some courts have declined to do so. *See, e.g., MIC Philberts Invs. v. Am. Cas. Co. of Reading*, 12-cv-0131 AWI, 2012 U.S. Dist. LEXIS 80651, at *13–17 (E.D. Ca. June 8, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel, and may be avoided or accrue over years depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, C14-214 RAJ, 2014 U.S. Dist. LEXIS 80509, at *10 (W.D. Wash. June 11, 2014). The Court finds those holdings well-reasoned and finds that prospective attorneys' fees are too speculative for inclusion in the amount in controversy.

For the reasons explained above, the Court finds that Defendant has not plausibly alleged that the amount in controversy exceeds $75,000.

### III. CONCLUSION

In light of the foregoing, the action is hereby **REMANDED** to state court for all further proceedings.

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer
_____